**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NICOLE R. HARDINA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **2:11-cv-1527** |
| v | ) | |
| | ) | |
| **PANERA BREAD CADLE, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the MOTION TO DISMISS PURSUANT TO RULE 12(b)(5) AND 12(b)(6) (Document No. 6) which was filed by Defendant Panera Bread Cadle, LLC, ("Panera").  Plaintiff has filed a Response in Partial Opposition to the motion (Doc. No. 8), with exhibits, and the motion is ripe for disposition.  For the reasons that follow, the motion will be denied in part and granted in part.

Procedural History

The complaint in this case was filed on November 30, 2011.  (Doc. No. 1)  On December 5, 2011, Plaintiff sent two (2) copies of the complaint and waiver of service forms to the Defendant at Defendant's business address in Warren, OH.  On December 8, 2011, Defendant's counsel entered an appearance (Doc. No. 3) and filed a demand for a jury trial (Doc. No. 4).  Counsel for Plaintiff observed these activities on the part of opposing counsel, and anticipated receiving the return of the waiver of service from Defendant's counsel.  Counsel for Defendant, however, apparently opted not to waive service of process.  Counsel for the parties did not communicate with one another prior to the filing of the pending motion.  Counsel for Plaintiff thereby allowed 120 days to pass without realizing that the waiver of service forms had not been

returned and that no answer to the complaint had been filed.

On April 20, 2012, twenty-two days after the 120 day period for service had expired, Defendant filed a motion to dismiss.  Defendant moves to dismiss the complaint based upon Plaintiff's failure to serve the complaint within 120 days, and, in the alternative, Defendant moves to dismiss the reverse gender discrimination claim from Plaintiff's complaint.   Plaintiff responded by opposing the dismissal for the lack of proper service, but does not oppose the dismissal of the reverse gender discrimination claim.  Doc. No. 8.  The Court will address Defendant's alternative bases for relief *ad seriatim*.

Legal Analysis

The Court begins with Federal Rule of Civil Procedure 4(m) which states, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or direct that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In *Toney v. Seibert*, 2005 WL 2219477 (W.D. Pa. 2005) (Schwab, J.), the Court articulated the principles that govern a motion to dismiss for failure to effectuate timely service:

> In deciding whether to dismiss an action for failure to serve within 120 days, the district court must employ a two-pronged inquiry. First, the Court must determine whether good cause for the failure to effect timely service exists. "If good cause is present, the district court must extend time for service and the inquiry is ended." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir.1995). Second, if good cause does not exist, the court nonetheless has discretion to either dismiss the case without prejudice or extend the time for service. *Id.*

As to the first prong, whether good cause exists, "the court's primary focus is on the plaintiffs reasons for not complying with the time limit in the first place."  *MCI Telecomms. Corp. v.*

*Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995).  A plaintiff must demonstrate good faith and "'some reasonable basis for noncompliance within the time specified in the rules.'"  *Id.* (quoting *Petrucelli*, 46 F.3d at 1312).  In order to show good cause, a plaintiff must demonstrate that she exercised diligence in trying to effect service.  *See Himmelreich v. U.S.*, 285 Fed. Appx. 5, 7 (3d Cir.2008) (*citing Bachenski v. Malnati*, 11 F.3d 1371, 1376–77 (7th Cir.1993)).  Some factors a court may examine in determining whether good cause exists include (1) the reasonableness of the plaintiffs efforts to serve, (2) prejudice to a defendant from untimely service, and (3) whether the plaintiff moved for an enlargement of the time to serve.  *See MCI Telecomms.*, 71 F.3d at 1097 (citing *United States v. Nuttall*, 122 F.R.D. 163, 166–67 (D.Del.1988)).

As to the second prong, the discretionary inquiry, the court "may consider and balance several factors including (1) actual notice of the action, (2) prejudice to the defendant, (3) statute of limitations, (4) conduct of the defendant, (5) whether the plaintiff is represented by counsel, and 6) any other relevant factor."  *Jumpp v. Jerkins*, 2010 WL 715678, at *6 (D.N.J. March 1, 2010) (citing *Chiang v. U.S. Small Bus. Admin.*, 331 Fed. Appx. 113, 116 (3d Cir.2009)).  A plaintiff "bears the burden of demonstrating to the court why it should exercise its discretion."  *Jumpp v. Jerkins*, 2010 WL 715678, at *6 (D.N.J. March 1, 2010) (citing *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir.1998)).  In deciding whether to extend time for service under Rule 4(m), the district court has "wide discretion."  *Gonzalez v. Thomas Built Buses*, 268 F.R.D. 521, 528 (M.D.Pa.2010).  In addition, the Court of Appeals for the Third Circuit has expressed its preference that cases be decided on the merits, rather than by procedural technicalities.  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984).

3

As to the first inquiry, the Court concludes that Plaintiff's counsel in this case has not demonstrated a "good cause" basis for his failure to make timely service on Defendant. Because the complaint was filed on November 30, 2011, the 120 days provided by Rule 4(m) expired on March 29, 2012. Over the course of that time, counsel did little more than mail the complaint to Defendant at its address in Ohio, along with a request for the waiver of service of process, both of which were mailed via U.S. Priority mail on the Monday following the date that the complaint was filed. There is no evidence that Plaintiff's counsel made an attempt to effectuate personal service thereafter. Counsel simply "assumed a return of the sent waiver of service forms would be returned for filing." Doc. No. 8 at 2. Plaintiff's counsel has fallen short of demonstrating "good cause" for which the time for service should be extended. As the Third Circuit has explained, neither "inadvertence of counsel," "half-hearted efforts by counsel," or "reliance upon a third party or on a process server," constitutes "good cause" to excuse the failure to serve within 120 days. *Petrucelli*, 46 F.3d at 1307 (internal quotation marks omitted); *Braxton v. United States*, 817 F.2d 238, 241 (3d Cir.1987). Further, a plaintiff's "disregard for ... the 'technical niceties' of service of process" does not constitute good cause. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir.1996); *see also Momah v. Albert Einstein Medical Center*, 158 F.R.D. 66, 69 (E.D.Pa.1994) (failure to timely serve a complaint will not be excused when the omission was due to the attorney's lack of diligence in effectuating the requirements of the rule).

Regarding the second inquiry, the Court finds that the factors outlined by the Third Circuit in *Chiang* weigh in favor of a discretionary extension of time to serve process in this case. The first factor is whether or not defendant received actual notice of action. Here, that does not appear to be in dispute, as counsel for Defendant entered her appearance three days after

4

counsel for Plaintiff mailed the complaint to Defendant's business address.  As to the second

factor, prejudice to the defendant, Defendant has not alleged any prejudice arising from late or

lack of service in this matter.  The second factor, therefore, weighs in favor of an extension.  The

third factor, statute of limitations, somewhat weighs in favor of Plaintiff.  The ADEA has a filing

requirement, under which a judicial complaint must be filed within 90 days of either (1) receipt

of a notice that a charge filed with the EEOC has been dismissed or (2) notice that proceedings

are being terminated by the EEOC.  *See Sperling v. Hoffmann-La Roche, Inc.*, 24 F.3d 463, 464

n. 1 (3d Cir.1994) (citing 29 U.S.C. § 626(e)); *see also* 29 C.F.R. § 1614.407.  The Third Circuit

has held this requirement to be a non-jurisdictional prerequisite, akin to a statute of limitations.

*See Communications Workers of America v. New Jersey Dept. Of Personnel*, 282 F.3d 213, 216-

17 (3d Cir. 2002).  In this case, Plaintiff received notice of her right to sue on September 17,

2011.  While Plaintiff originally filed the complaint within the 90 day time period, that period

has since passed.  The fourth factor, Defendant's conduct, does not sway the analysis either way

in this case, as there is no allegation that Defendant evaded service in any way.  Finally, the fifth

factor, whether Plaintiff is represented by counsel, weighs slightly in favor of an extension to the

extent that counsel presumably will be able to cure the service deficiencies.  This Court, mindful

of the Third Circuit's preference that cases be decided on the merits, and giving due consideration

to the above factors, finds that a discretionary extension of time to perfect service of process is

warranted in this case.  Accordingly, the Court will deny Defendant's motion to dismiss to the

extent that it seeks dismissal of the complaint.  Further, the Court will grant an extension of time

of 21 days within which Plaintiff must serve the complaint upon Defendant.

The Court next turns to Defendant's alternative basis for dismissal.  In the complaint

itself, Plaintiff references two claims of discrimination, one age discrimination claim under the

Age Discrimination in Employment Act of 1967, 28 U.S.C. § 621, *et seq.*, and one "reverse

gender discrimination" claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-

3(a).  *See* Doc. No. 1 generally.  Germane for the purpose of Defendant's motion, however, is the

fact that Plaintiff's complaint makes but one single reference to the reverse gender discrimination

claim, and, as Defendant notes, pleads no factual averments to support the claim.  Doc. No. 7 at

4; *see also*, Doc. No. 1 at ¶ 1 (the sole reference to reverse gender discrimination) compared with

¶¶ 16 - 21, 32 - 35, and 38 - 39 (wherein Plaintiff pleads her factual basis for an age

discrimination claim).  In response, Plaintiff candidly acknowledges that the single reference to a

reverse gender discrimination claim in paragraph 1 of the complaint was in error, and that the

only claim being pursued is her age discrimination claim.  Doc. No. 8.  Therefore, Defendant's

motion will be granted and Plaintiff's gender discrimination claim will be dismissed with

prejudice.

  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NICOLE R. HARDINA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   **2:11-cv-1527** |
| **v** | ) |
| | ) |
| **PANERA BREAD CADLE, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

<u>**MEMORANDUM ORDER**</u>

AND NOW, this 8th day of May, 2012, in accordance with the foregoing Memorandum

Opinion, it is hereby ORDERED, ADJUDGED, and DECREED that the MOTION TO DISMISS

PURSUANT TO RULE 12(b)(5) AND 12(b)(6), Document No. 6, which was filed by Defendant

Panera Bread Cadle, LLC., is **DENIED IN PART** and **GRANTED IN PART**.  The motion is

DENIED to the extent that it seeks the dismissal of Plaintiff's complaint pursuant to

Fed.R.Civ.P. 12(b)(5) based upon the Court's discretion.  The motion is GRANTED without

objection as to the dismissal of the reverse gender discrimination claim.

IT IS FURTHER ORDERED that Plaintiff shall serve Defendant with her complaint

within twenty-one (21) days of this date, and Defendant shall file a responsive pleading within

twenty-one (21) days of the date it is served with the complaint.


BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

7

cc:    Erik M. Yurkovich, Esquire
        Email: Erik.Yurkovich@gmail.com

        Trisha A. Gill, Esquire
        Email: gill@litchfieldcavo.com